UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                      Chapter 7

Jason S. Kleinman and Alyane Kleinman          Case No. 10-48302
a/k/a Alayne Kanner


                                          Debtors.
-----------------------------------------------------------x


**DECISION AND ORDER ON TRUSTEE'S MOTION OBJECTING TO THE DEBTORS' CLAIMED EXEMPTION FOR PERSONAL PROPERTY AND COMPEL TURNOVER OR PROPERTY TO THE ESTATE AND DEBTORS' OPPOSITION**

JOEL B. ROSENTHAL
United States Bankruptcy Judge

This matter comes before the Court on the Trustee's Motion Objecting to the Debtors' Claimed Exemption for Personal Property and Compel Turn Over of Property to the Estate (Docket No. 11) (the "Trustee's Motion"), and the Debtors' Affirmation in Opposition (Docket No. 14). For the reasons set forth below, the Trustee's Objection is overruled.

## JURISDICTION

The Court has jurisdiction over these core proceedings under 28 U.S.C. § § 1334 and 157(b)(2) and the Eastern District of New York Standing Order of reference dated August 28, 1986. This Decision and Order constitute the Court's findings of facts and conclusions of law required by Fed. R. Bankr. P. 7052.

## FACTS

On March 31, 2010, Jason and Alyane Kleinman (the "Debtors") met with bankruptcy counsel to discuss their financial situation and on June 7, 2010, retained counsel to file a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Debtors filed their

voluntary petition on August 31, 2010.

The Debtors have three Individual Retirement Accounts ("IRAs") with Fidelity Investments ending in account numbers 0786, 8042, and 8034. The account ending in 0786 was opened by Alayne Kleinman on February 1, 2010. The account ending in 8042 was opened by Jason Kleinman on July 2, 2010 with the amount of $3,000.00 and the account ending in 8034 was opened by Alayne Kleinman on July 2, 2010 with the amount of $2,500.00 (collectively the "July IRAs"). The Debtors' listed an Individual Retirement Account ("IRA") with Fidelity Investments ending in account number 0786 in the amount of $4,638.25 on their Schedule B, and disclosed to the Chapter 7 Trustee their bank statements for July 2010, including checks in the amount of $3,000.00 and $2,500.00 to Fidelity Investments. However, the July IRAs were not listed on the Debtors' original schedules. Counsel for the Debtors states that this omission was an oversight. The July IRAs were added to the Debtors' Amended Schedule B after the Chapter 7 Trustee had requested that counsel for the Debtors delete the claimed exemption for the IRA.

The Trustee filed a Motion Objecting to the Debtors' Claimed Exemption for Personal Property and Compel Turn Over of Property to the Estate (Docket No. 11) (the "Trustee's Motion") and the Debtors filed an Affirmation in Opposition to the Trustee's Motion (Docket No. 14).

## DISCUSSION

The Trustee objects to the Debtors' claimed exemption of $4,638.25 for an IRA held with Fidelity Investments pursuant to 11 U.S.C. § § 522, 548(a)(1)(A), 548(a)(1)(B)(ii)(I) and Rule 4003(b)(1) of the Federal Rules of Bankruptcy Procedure and New York Debtor and Creditor Law § 282 and requests that the Debtors turn over the funds placed into the IRA prior to the bankruptcy filing in the amount of $5,500.00. The Debtors claim that their IRAs are exempt

under New York Debtor and Creditor Law ("NY DCL") Section 282.

Under federal law, IRAs are allowed exemptions. In 2005, the Supreme Court found that debtors could exempt IRA assets from the bankruptcy estate because the IRAs fulfill both of the 11 U.S.C. § 522 (d)(10)(E) requirements, "…they confer a right to receive payment on account of age and they are similar plans or contracts to those enumerated in 11 U.S.C.§ 522(d)(10)(E)." In Rousey v. Jacoway, 544 U.S. 320, 125 S. Ct. 1561, 161 L. Ed. 2d 562, 567 (2005).

The State of New York, however, has "opted out" of the federal exemption scheme, as it is entitled to under § 522(b)(1) of the Bankruptcy Code. Therefore, New York Debtor and Creditor Law is applicable in this case. Exemption of property from the bankruptcy estate is governed by NY DCL § 282, which provides, in relevant part, as follows:

> 2. Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in ... (e) all payments under a **stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service** unless (i) such plan or contract, except those qualified under section 401, 408 or 408A of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length of service, and (iii) such plan or contract does not qualify under section four hundred one (a), four hundred three (a), four hundred three (b), four hundred eight, four hundred eight A, four hundred nine or four hundred fifty-seven of the Internal Revenue Code of nineteen hundred eighty-six, as amended.

N.Y. Debt. & Cred. Law § 282(iii)(2)(e). The Second Circuit in In re Dubroff, 119 F. 3d 75, 78 (2d. Cir. 1997) held that an IRA, as a plan qualified under Section 408 of the Internal Revenue Code ("I.R.C."), may be exempted by a debtor under NY DCL § 282(iii)(2)(e). Section 408 of the I.R.C. sets forth the requirements for a plan to qualify as an IRA. The Court in Dubroff found that there was no reason to determine whether an IRA is a "similar plan or contract" to a stock bonus, pension, or profit sharing plan, and

3

thus eligible for exemption, because the text of § 282(iii)(2)(e) can only be reconciled with the provision as a whole if an IRA that qualifies under Section 408 of the I.R.C. is a "similar plan or contract." Id. "…[I]f the statute excludes IRAs from exemption because they are not 'similar plans or contracts,' there would be no need for the reference to § 408 of the I.R.C., the statute governing IRAs, in § 282(iii)(2)(e) and that reference would be surplusage. Id. See also In re Morra, 2008 WL 6582596, *3 (Bankr. E.D.N.Y) (applying the Dubroff decision that an IRA could be exempted under NY DCL § 282(iii)(2)(e) in determining whether a debtor's 401(k) is excluded from property of the estate). In addition, the Court notes that NY DCL § 282 uses the same language as 11 U.S.C. § 522 (d)(10)(E) to define exempt property from a bankruptcy estate. Therefore, the Court finds that an IRA, as a plan qualified under Section 408 of the I.R.C. may be exempt from property from the bankruptcy estate under NY DCL § 282.

In addition, jurisprudence suggests that the Court liberally construe exemptions in favor of the debtor. See In re Keil, 88 F.2d 7, 8 (2d Cir.1937); In re Rundlett, 153 B.R. 126, 130 (S.D.N.Y.1993); In re Hunt, 250 B.R. 482, 485 (Bankr.E.D.N.Y.2000).

Therefore, the Court finds that the Debtors' July IRAs are allowed exemptions under NY DCL § 282(iii)(2)(e) and that the Trustee's objection to the exemptions should be overruled.

## CONCLUSION

For the foregoing reasons, the Trustee's objection is overruled.

IT IS SO ORDERED.

Dated: January 13, 2011  
Brooklyn, New York

Joel B. Rosenthal  
United States Bankruptcy Judge